IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
BRYANT DUANE JONES,         )
            Plaintiff,      )
                            )
v.                          )   Case No. 1:07cv360
                            )
RICHARD J. LINK, JR.,       )
            Defendant.      )
```

FILED
JUN 2 5 2007
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

In this legal malpractice action, plaintiff, Bryant Duane Jones, a federal inmate proceeding *pro se*, has sued his former attorney, defendant Richard J. Link, Jr., for legal malpractice and unjust enrichment. In essence, plaintiff contends that as a result of defendant's negligence, plaintiff's offense level under the federal U.S. Sentencing Guidelines was improperly calculated, resulting in a sentence thirty-six (36) months longer than legally warranted. As a result of defendant's alleged negligence, plaintiff seeks $8,500 in legal fees he paid to defendant and $100,000 to compensate him for mental anguish he suffered from being sentenced to serve a longer sentence than legally warranted. For the reasons that follow, threshold dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief my be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

1

I.

On November 7, 2000, a jury found plaintiff guilty of (i) conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; (ii) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and (iii) using and carrying a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c). *United States v. Jones*, 1:00cr240-2 (E.D. Va. Feb. 23, 2001) (Judgment Order). Prior to sentencing, plaintiff retained defendant to represent him, paying him $8,500 for legal services. At sentencing on February 23, 2001, defendant did not object to the application of U.S.S.G. § 2B3.1(b)(2)(c), which authorizes a five-level enhancement "if a firearm was brandished or possessed," although application of this sentencing enhancement was improper under U.S.S.G. § 2K2.4 because defendant was convicted and sentenced for using and carrying a firearm while committing a crime of violence under 18 U.S.C. § 924(c).[2] As a result of this error, defendant's offense level was set at twenty-seven, instead of twenty-two, which resulted in a sentencing range of 87 to 108 months, instead of 51 to 63 months.[3] Plaintiff was then sentenced to (i) sixty (60) months imprisonment on Count One, conspiracy to commit armed bank robbery, (ii) eighty-seven (87) months imprisonment on Count Two, armed bank robbery, to be served concurrently with Count one, and (iii) sixty (60) months imprisonment on Count Three, using and carrying a firearm while committing a crime of violence, to be served consecutively

---

[2] While § 2B3.1(b)(2)(C) establishes that an offense level for a robbery offense must be increased by five levels if a firearm was brandished, the commentary to § 2K2.4 of the Sentencing Guidelines makes clear that a defendant convicted of using and carrying a firearm while committing a crime of violence in violation of § 924(c) as well as the underlying crime of violence cannot receive an enhancement in the base offense level of the underlying offense for brandishing. U.S. Sentencing Guidelines Manual § 2K2.4, cmt. n.4.

[3] Plaintiff does not dispute that his criminal history category was properly set at category III.

with the sentences imposed on Counts One and Two, as provided by 18 U.S.C. § 924(c). Thus, plaintiff received a total sentence of imprisonment of one hundred forty-seven (147) months.

Thereafter, plaintiff noticed an appeal to the United States Court of Appeals for the Fourth Circuit and because plaintiff met the indigence requirement for appointment of counsel, defendant was appointed to continue to represent plaintiff on the appeal. On appeal, defendant, acting on plaintiff's behalf, raised nine claims of error, but did not raise the issue of the improper sentence enhancement. The Fourth Circuit denied the appeal and affirmed plaintiff's conviction and sentence. *United States v. Jones*, 01-4170, 2002 WL 999262 (4th Cir. May 16, 2002). Following this decision, defendant ceased to represent plaintiff.

Plaintiff then filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, raising several claims, including a claim of ineffective assistance of counsel based on defendant's failure to raise the improper sentence enhancement at sentencing and on appeal. Plaintiff's § 2255 motion was granted in part and denied in part. Specifically, it was granted as to plaintiff's ineffective assistance of counsel claim because "there [was] no doubt [] that counsel's failure to object to the five-level enhancement under U.S.S.G. § 2B3.1(b)(2)(C) based on brandishing 'fell below an objective standard of reasonableness.'" *Jones*, 1:00cr240-2, at 15 (E.D. Va. May 19, 2004) (Order) (quoting *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984)). On resentencing, plaintiff received a total custody sentence of 111 months incarceration – a 36 month reduction. At the time of plaintiff's resentencing, he had served less than 111 months, and therefore remained incarcerated.

On or about April 4, 2007,[4] plaintiff, who remains incarcerated under the 111 month adjusted sentence, filed the instant action, alleging defendant's negligent conduct resulted in a 36 month increase in his sentence, required him to file a § 2255 motion, and caused him mental anguish. For these harms, plaintiff seeks $8,500 for unjust enrichment, $50,000 for legal malpractice at sentencing, $50,000 for legal malpractice on appeal, and any punitive damages and costs that may be appropriate.

## II.

In reviewing a complaint pursuant to § 1915, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III.

Analysis properly begins with an examination of Virginia's jurisprudence in the area of legal malpractice arising from an attorney's alleged negligence in a representing a defendant

---

[4] A complaint is deemed filed when the prisoner delivers his pleading to prison officials. *Lewis v. City of Richmond Police Dep't*, 947 F.2d 733 (4th Cir. 1991); *see also Houston v. Lack*, 487 U.S. 266 (1988). While the signature on plaintiff's complaint lacks an execution date, a letter accompanying his complaint was signed on April 4, 2007, accordingly, for purposes of analysis, this date is presumed to be the filing date.

criminal case.[5] In this area, Virginia has joined the majority of states in requiring that a legal malpractice plaintiff challenging his attorney's negligence in a criminal case, which resulted in an erroneous conviction, has two initial burdens: he must plead (i) "that he has obtained post-conviction relief" and (ii) that he was "actually innocent" of the crimes charged. *Taylor v. Davis*, 265 Va. 187, 191 (2003) (citing *Adkins v. Dixon*, 253 Va. 275 (1997)); *Ostrander v. Joynes*, 46 Va. Cir. 518 (1996). Underlying the first requirement – that plaintiff must have obtained post-conviction relief – is the principle that absent relief from a conviction or sentence, the criminal plaintiff's own actions are presumably the proximate cause of his injury. *See* R. Mallen & J. Smith, Legal Malpractice § 26.13 (2007 Edition).[6] Similarly, the rationale underlying the second requirement – that plaintiff allege actual innocence – is that "courts will not assist the participant in an illegal act who seeks to profit from the act's commission." *Adkins*, 253 Va. at 281-82. As the Supreme Court of California explained in adopting the actual innocence requirement,

> the notion of paying damages to a plaintiff who actually committed the criminal offense solely because a lawyer negligently failed to secure an acquittal is of questionable public

---

[5]Virginia law applies because where, as here, jurisdiction is based on diversity a federal district court is bound to apply the substantive law and choice of law rules of the forum state. *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 623-624 (4th Cir. 1999) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941)). Because the alleged acts of malpractice occurred in Virginia, Virginia's choice of law rules dictate application of Virginia law. *See Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975).

[6]Other public policy considerations often cited to justify the post-conviction relief requirement are: (1) that requiring post-conviction relief promotes judicial economy by avoiding the duplication of litigation in a legal malpractice case that was previously litigated and resolved in a post-conviction or appellate proceeding; (2) that appellate, post-conviction, and habeas corpus remedies are available to address ineffective assistance of counsel claims; and (3) that without such requirements litigious persons might occupy the time of their incarceration by pursuing civil actions against their former attorneys. *See* R. Mallen & J. Smith, Legal Malpractice § 26.13 (2007 Edition).

> policy and is contrary to the intuitive response that damages should only be awarded to a person who is truly free from any criminal involvement.

*Wiley v. County of San Diego*, 966 P.2d 983, 987 (Ca. 1998).

Reasonably read, these two requirements impose on plaintiff the initial burden of pleading that his attorney's alleged malpractice, and not his own criminal actions, proximately caused his injury. *See Cullen v. Cook*, 1992 U.S. Dist. LEXIS 3039, at *11 (W.D. Va. 1992) (applying Virginia law and holding that "[t]he alleged negligence is actionable only upon a determination that the underlying claim would have been resolved differently but for the attorney's negligence"). Thus, where a plaintiff complains that his attorney's negligence resulted in his wrongful conviction, plaintiff has obviously met his initial burden of pleading proximate causation if he alleges (i) that he was actually innocent of the crimes charge, (ii) that defendant's negligence resulted in his wrongful conviction, and (iii) that he was exonerated by means of post-conviction relief. *See Adkins*, 253 Va. at 281-82 (establishing elements of legal malpractice claim arising from attorney's alleged negligence in a criminal case where plaintiff alleged defendant failed to properly defend him, resulting in his conviction). It is not clear, however, how these initial burdens apply to a plaintiff who alleges that his attorney's negligence resulted in a *sentencing* error, rather than an error related to his conviction.

While there is no published Virginia decision on point, decisions from other jurisdictions sensibly hold that an allegation of actual innocence is not required where, as here, plaintiff complains that his attorney's negligence resulted in a sentencing error for which he obtained post-conviction sentencing relief. *See Powell v. Associated Counsel for the Accused*, 131 Wn. App. 810, 813 (Ct. App. Wash. 2006); *Johnson v. Babcock*, 206 Ore. App. 217, 219 (Or. Ct. App. 2006); *West v. Milton*, No. 97-1770, 1998 U.S. App. LEXIS 28422 (6th Cir. Nov. 9, 1998).

These decisions hold, instead, that it is sufficient for a plaintiff to allege (i) that his attorney's negligence resulted in a sentencing error and (ii) that plaintiff obtained post-conviction sentencing relief. In so holding, these courts explained that where plaintiff complains only that his attorney's negligence resulted in a sentencing error, the policy reason underlying the actual innocence requirement is no longer applicable, that is, excusing plaintiff from the actual innocence requirement does not permit plaintiff to "profit from the [crime's] commission"[7] because plaintiff is still required to serve the legally warranted sentence. *Powell*, 131 Wn. App. at 813; *Johnson*, 206 Ore. App. at 219; *cf. Wiley*, 966 P.2d at 987 (recognizing that "public policy rationale is strongest when the malpractice plaintiff claims that some species of trial-related error *resulted in a conviction*") (emphasis added). More importantly, however, in excusing the actual innocence requirement these courts appropriately focus on the issue of proximate causation, finding that where, as here, an attorney's failure to object to a sentencing enhancement resulted in a higher sentence being imposed on plaintiff, the improper sentence was not the direct result of plaintiff's criminal behavior, but rather, it was the proximate result of his attorney's negligence. *Powell*, 131 Wn. App. at 813 (finding that where defense attorney's error caused plaintiff to serve longer sentence than warranted, "[t]he harm caused by [plaintiff's] unlawful restraint was not the direct consequence of his own bad act"). In such circumstances, it is appropriate to permit plaintiff to assert a claim for legal malpractice without requiring him to allege actual innocence.

To underscore the soundness of this conclusion it is appropriate to examine the consequences of a contrary holding in a situation not presented here, namely where an attorney's negligence resulted in a legally impermissible sentence that is not corrected until after plaintiff

---

[7] *Adkins*, 253 Va. At 281-82.

has already served a longer sentence than legally warranted. In such a case, any available appellate, post-conviction, or habeas corpus remedies would not sufficiently redress plaintiff's injury, that is his unlawfully prolonged incarceration, and in these circumstances, plaintiff's "case [would be] more akin to that of an innocent person wrongfully convicted than of a guilty person attempting to take advantage of his own wrongdoing." *Id.* at 815. It follows then that like the "innocent person wrongfully convicted due to inadequate representation [he] has suffered a compensable injury [and] the nexus between the malpractice and palpable harm is sufficient to warrant a civil action, however inadequate, to redress the loss." *Wiley*, 966 P.2d at 987. Thus, the actual innocence requirement should not apply where plaintiff alleges that his attorney's negligence resulted in a sentencing error because to hold otherwise would deprive a plaintiff subjected to an unlawfully prolonged incarceration due to his attorney's negligence of redress for his injury. *See Powell*, 131 Wn. App. at 813; *Johnson*, 206 Ore. App. at 219.

In summary, the "issue of guilt or innocence is relevant, *if the client's complaint is the fact of conviction, rather than the severity of the sentence* or other consequences." R. Mallen & J. Smith, Legal Malpractice § 26.13 (2007 Edition) (emphasis added). But actual innocence is "not relevant if the attorney's error concerns the *extent or severity of the sentence.*" *Id.* (emphasis added). Thus, where, as here, a plaintiff alleges that his attorney's negligence resulted in a sentencing error, he has met his initial burden if he alleges (i) that defendant's negligence resulted in a legally impermissible sentence and (ii) that he obtained post-conviction sentencing relief. *See id.*

In this case, plaintiff has sustained this initial burden because he has alleged that he obtained post-conviction sentencing relief through a partially successful § 2255 motion stemming

from his attorney's failure to object to the imposition of a legally impermissible sentence enhancement. This does not end the analysis, however, as it is now necessary to consider whether plaintiff's complaint states a claim for legal malpractice.

To state a cause of action for legal malpractice under Virginia law, plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately caused by the breach. *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310 (Va. 2002). Based on the allegations in plaintiff's complaint, plaintiff has satisfied the first two elements, namely, an attorney-client relationship existed between plaintiff and defendant and that defendant breached this relationship when he failed to object to the imposition of a legally impermissible sentencing enhancement. Plaintiff's complaint fails, however, with respect to third element – showing damages proximately caused by defendant's breach – because he failed to allege any cognizable damages under Virginia law. Plaintiff's complaint seeks to recover as damages (i) legal fees paid to defendant, (ii) compensatory damages stemming from his mental anguish, and (iii) punitive damages. None of these alleged damages may be recovered as part of a legal malpractice action. To begin with, plaintiff cannot recover legal fees paid to defendant for services rendered. *See, e.g., Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 568 S.E.2d 693, 694 (Va. 2002); *Bloomer v. Gibson*, 912 A.2d 424 (Vt. 2006) ("The fees charged by defendant were not caused by defendant's malpractice; they were charged irrespective of the quality of defendant's representation."). This is because the measure of damages for malpractice is all damages proximately *caused by* the wrongful act or omission and Virginia courts have held that the payment of legal fees is "not an injury resulting from the legal malpractice. It [is] merely the agreed-upon cost of the service, the

consideration given for the contract, and not the damage or injury arising from the breach of the contract." *Id.*[8] Furthermore, plaintiff cannot recover either punitive damages or damages based on mental anguish because in Virginia "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract." *Cox v. Geary*, 271 Va. 141, 152 (2006); 1 Michie's Jurisprudence, Attorney and Client § 30 (2004). As such, Virginia courts have repeatedly held that punitive damages and damages based on mental anguish are not recoverable absent an independent, intentional tort.[9] *See O'Connell v. Bean*, 556 S.E.2d 741, 743 (Va. 2002) (holding that punitive damages for legal malpractice not recoverable absent "independent, willful tort"); *Timms v. Rosenblum*, 713 F. Supp. 948, 954 (E.D. Va. 1989), *aff'd*, 900 F.2d 256 (4th Cir. 1990) (holding mental anguish stemming from legal malpractice not recoverable absent a physical injury) (citing *Sea-Land Serv., Inc. v. O'Neal*, 297 S.E.2d 647, 653 (Va. 1982)). It follows then that where, as here, plaintiff cannot allege or show that defendant committed any independent, intentional tort, he cannot recover punitive damages or damages based on mental anguish. Accordingly, plaintiff has not alleged any cognizable damage under Virginia law, and thus, his legal malpractice claim must be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

The soundness of this result is clear: While defendant's alleged breach proximately

---

[8] It is worth noting that had plaintiff incurred legal fees to correct the adverse consequences of defendant's negligence, for example, if plaintiff had retained an attorney to prepare his § 2255 motion, those fees might be recoverable because they were arguably proximately caused by defendant's wrongful act or omission. *Bloomer*, 912 A.2d 424.

[9] An independent tort, such as fraud, is "one that is factually bound to the contractual breach but whose legal elements are distinct from it." *A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 672 (4th Cir. 1986); *Hewlette v. Hovis*, 318 F. Supp. 2d 332, 335 n.1 (E.D. Va. 2004) (citing *Goodstein v. Weinberg*, 245 S.E.2d 140 (Va. 1978)).

caused plaintiff's sentence to be improperly enhanced by 36 months, this breach has already been remedied by plaintiff's partially successful § 2255 motion and his subsequent resentencing. In other words, plaintiff was not damaged by imposition of the improper sentence enhancement because timely post-conviction relief has provided what competent representation should have afforded in the first instance – a reduced sentence.[10] See *Wiley*, 966 P.2d at 989; *Cox v. Geary*, 271 Va. 141, 147 (2006) (dismissing legal malpractice action for failure to allege damage, where state had already compensated defendant for his wrongful incarceration, because "[i]t is a generally recognized principle that there can be only one recovery of damages for a single wrong or injury").[11] Accordingly, plaintiff has suffered no cognizable injury and his legal malpractice claim must be dismissed.

## IV.

---

[10]Notably, a different conclusion might have been reached had defendant's error caused plaintiff to be incarcerated for longer than legally warranted had he been properly sentenced. Compare *West*, 1998 U.S. App. LEXIS 28422 (denying defendant-attorney's motion for summary judgment because plaintiff had suffered an actual injury where an error in his sentencing guidelines calculation caused him to be incarcerated for longer than the actual sentence he should have received); *Powell*, 125 Wn. App. 773 (finding legal malpractice plaintiff had suffered actual damages, despite obtaining post-conviction relief, because by the time he obtained relief, and was released from incarceration, he had already been incarcerated for longer than legally authorized); *Johnson*, 206 Ore. App. 217 (holding that "plaintiff sufficiently pleaded that he was harmed by alleging that he received a legally impermissible sentence, served more of the sentence than was legally permissible, and successfully obtained relief from the sentence").

[11]See *Seligman v. Tenzer*, 173 Fed. Appx. 280, 282-83 (4th Cir. 2006) (applying Virginia law) (holding that plaintiff failed to meet burden with respect to damages because he had "already received compensation for his claimed injury . . . in a prior lawsuit"); *Berringer v. Steele*, 132 Md. App. 442, 481 (Md. Ct. Spec. App. 2000) ("It is only where the malpractice produces a specific and significant harm that is distinct from and *not, in an overall sense, compensated for by the ultimate judgment* that an action may lie.") (emphasis added); see 1 Michie's Jurisprudence, Attorney and Client § 30 (2004) ("An attorney is liable only for actual injury to his client . . . .").

Plaintiff also asserts a claim for unjust enrichment, alleging that defendant has been unjustly enriched because he received legal fees without providing "[p]laintiff just benefit and/or compensation." This claim is indistinguishable from plaintiff's legal malpractice claim and suffers from similar infirmities. Under Virginia law, the elements of unjust enrichment are "(1) the plaintiff's conferring of a benefit on the defendant, (2) the defendant's knowledge of the conferring of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005) (applying Virginia law). Plaintiff's unjust enrichment claim fails as to the third element because defendant was entitled to legal fees pursuant to the agreement between the parties requiring defendant to represent plaintiff. Thus, it was not inequitable for defendant to retain the legal fees as payment for services rendered. Moreover, to the extent plaintiff argues that defendant was not entitled to these legal fees because he provided ineffective assistance, plaintiff asserts a veiled claim for legal malpractice, which, as discussed above, fails because plaintiff cannot recover legal fees paid to defendant for services rendered. *See Rutter*, 568 S.E.2d at 694. In other words, plaintiff cannot avoid the settled and sensible requirements of Virginia malpractice law by attempting to disguise a malpractice claim as a claim for unjust enrichment. Accordingly, this claim must also be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

An appropriate Order will issue.

Alexandria, Virginia
June 25, 2007

T. S. Ellis, III
United States District Judge

12